**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SALVATORE C.,<br>Plaintiff,<br>v.<br>COMMISSIONER OF SOCIAL SECURITY,<br>Defendant. | Civil Action No. 25-17651 (MAS)<br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiff Salvatore C.'s ("Plaintiff")[1] appeal of the Commissioner of the Social Security Administration's (the "Commissioner") final decision denying Plaintiff's request for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act") and Supplemental Security Income ("SSI") under Title XVI (ECF No. 1), and Motion for Judgment on the Pleadings (the "Motion") (ECF No. 5). The Commissioner opposed. (ECF No. 7.) The Court has jurisdiction to review this matter under 42 U.S.C. § 405(g) and reaches its decision without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons below, the Court affirms the Commissioner's decision and denies the Motion.

[1] The Court identifies Plaintiff by first name and last initial only. *See* D.N.J. Standing Order 2021-10.

# I. BACKGROUND

In this appeal, the Court must consider whether the Administrative Law Judge's (the "ALJ") finding that Plaintiff was not disabled is supported by substantial evidence. The Court begins with the procedural posture and decision by the ALJ.

## A. Procedural Background

Plaintiff filed an application for DIB and SSI on October 25, 2023, alleging a disability onset date of January 1, 2016. (AR 161-67, ECF No. 4.[2]) The Social Security Administration (the "Administration") denied the application both initially and upon reconsideration. (*Id.* at 71-88.) Thereafter, Plaintiff requested a hearing, which the ALJ held on November 14, 2024. (*Id.* at 38, 110). On December 18, 2024, the ALJ denied Plaintiff's claim. (*Id.* at 10-26.) Plaintiff submitted a request for review, which the Appeals Council denied (*id.* at 1-6), making the ALJ's December 18, 2024, decision the Commissioner's final decision. This appeal followed. (*See generally* Compl., ECF No. 1.) On February 5, 2026, Plaintiff filed his motion for judgment on the pleadings in this action (Pl.'s Mot., ECF No. 5), and the Commissioner opposed (Def.'s Opp'n Br., ECF No. 7).

## B. The ALJ's Decision

In her December 18, 2024, decision, the ALJ concluded that Plaintiff was not disabled from January 1, 2016 (the alleged onset date) through the date of her decision. (AR 26.) The ALJ set forth the Administration's five-step sequential analysis for determining whether an individual is disabled. (*Id.* at 11-12 (citing 20 C.F.R. § 404.1520(a) and 416.920(a)).) As an initial matter, the

---

[2] The Administrative Record ("AR") is located at ECF Nos. 4 through 4-9. The Court will reference the relevant pages of the AR and will not reference the corresponding ECF page numbers within those files.

ALJ found that Plaintiff "meets the insured status requirements of the . . . Act through December 31, 2004." (*Id.* at 12.) At step one, the ALJ found that Plaintiff "ha[d] not engage in substantial gainful activity since January 1, 2016, the alleged onset date[.]" (*Id.* at 13.) At step two, the ALJ determined that Plaintiff had several severe impairments: (1) multiple sclerosis; (2) degenerative disc disease of cervical and thoracic spine; (3) bipolar disorder; (4) major depressive disorder; and (5) anxiety disorder. (*Id.*) The ALJ also found that Plaintiff had the following non-medically determinable impairments: (1) asthma; and (2) obesity. (*Id.*)

At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926. (*Id.* at 14.) With respect to Plaintiff's physical impairments, the ALJ stated that she specifically reviewed the listings at 1.15 (disorders of the skeletal spine resulting in compromise of a nerve root(s)), 11.09 (multiple sclerosis), 12.04, 12.06, the "paragraph B", and the "Paragraph C" criteria. (*Id.* at 14-16.)

The ALJ determined that Plaintiff had the residual functional capacity (the "RFC")[3] to perform medium work as defined in 20 C.F.R. §§ 404.1567(c), 416.967(c). (*Id.* at 17.) The ALJ found that Plaintiff could "understand, remember, and carry out simple instructions, and occasionally interact with [the] public and coworkers[,]" "stoop, kneel, crouch[,] and crawl[,]" and tolerate occasional exposure to heat. (*Id.*) Plaintiff, however, was limited to: only "lift[ing] and carry[ing] 25 pounds occasionally and 20 pounds frequently; sit[ting], stand[ing], and walk[ing]

[3] RFC is defined as "the most [an individual] can still do despite [his] limitations." 20 C.F.R. § 404.1545(a)(1); *see Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 121 (3d Cir. 2000) ("'[R]esidual functional capacity' is defined as that which an individual is still able to do despite the limitations caused by his . . . impairment(s)[.]" (quoting *Hartranft v. Apfel*, 181 F.3d 358, 359 n.1 (3d Cir. 1999))). Determination of a claimant's RFC is the exclusive responsibility of the ALJ. 20 C.F.R. §§ 404.1520(c), 404.1546(c).

for 6 hours each; never climb[ing] ladders, ropes, or scaffolds; [only] occasionally climb[ing] ramps and stairs, [and] balanc[ing] as described in the Selected Characteristics of Occupations (SCO)[.]" (*Id.*) Plaintiff moreover could not "tolerate exposure to high exposed places or moving mechanical parts." (*Id.*)

At step four, the ALJ found that Plaintiff "has no past relevant work[.]" (*Id.* at 24.) The ALJ considered that Plaintiff was 33 years old, which is defined as "a younger individual," and has at least a high school education. (*Id.*) The ALJ determined that "[t]ransferability of job skills is not an issue because [Plaintiff] does not have past relevant work[.]" (*Id.* at 25.) Based on the aforementioned factors and Plaintiff's RFC, the ALJ determined that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform [.]" (*Id.*) In doing so, the ALJ relied upon the testimony of the vocational expert, who testified that an individual of Plaintiff's age, education, work experience, and RFC "would be able to perform the requirements of representative occupations[,] such as" marker, routing clerk, and mail clerk. (*Id.*)

At step five, the ALJ determined that Plaintiff has not been under a disability, as defined in the Act, at any time from January 1, 2016 (the alleged onset date), through December 18, 2024 (the date of the ALJ's decision), for the purposes of Plaintiff's DIB and SSI claims. (*Id.* at 26.)

## II. LEGAL STANDARD

### A. Standard of Review

On appeal from the final decision of the Commissioner, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). To survive judicial review, the Commissioner's decision must be supported by substantial

evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971) (quoting 42 U.S.C. § 405(g)); *see Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000) (explaining that the reviewing court is "bound to the Commissioner's findings of fact if they are supported by substantial evidence"). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Substantial evidence "'may be somewhat less than a preponderance' of the evidence." *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).

In reviewing the record for substantial evidence, the court "may not weigh the evidence or substitute [its own] conclusions for those of the fact-finder." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (internal quotation marks and citation omitted). Even if the court would have decided differently, it is bound by the ALJ's decision if it is supported by substantial evidence. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) (citing *Hartranft*, 181 F.3d at 360). The court must "review the record as a whole to determine whether substantial evidence supports a factual finding." *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (citing *Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 431 (3d Cir. 1999)). "Since it is apparent that the ALJ cannot reject evidence for no reason or for the wrong reason, an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper." *Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981) (citation omitted).

### B. Establishing Disability and SSI

To be eligible for DIB or SSI under the Act, a claimant must be unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment

which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). For purposes of the statute, a claimant is disabled only if his physical or mental impairments are "of such severity that he is not only unable to do [his] previous work but cannot, considering [his] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. § 423(d)(2)(A). A physical or mental impairment is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Administrative regulations provide a five-step evaluation procedure to determine whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a)(4). For the first step, the claimant must establish that he has not engaged in any substantial gainful activity since the onset of his alleged disabilities. *Id.* § 404.1520(a)(4)(i). For the second step, the claimant must establish that he suffers from a "severe . . . impairment" or "combination of impairments." *Id.* § 404.1520(a)(4)(ii). The third step requires that the claimant provide evidence that his impairments are equal to at least one of the impairments listed in Appendix 1 of the regulations. *Id.* § 404.1520(a)(4)(iii). If the claimant demonstrates that he suffers from a listed impairment or that his severe impairment is equal to a listed impairment, he is presumed to be disabled and entitled to DIB and/or SSI benefits. *Id.*; 20 C.F.R. § 404.1520(d). If he cannot so demonstrate, the eligibility analysis proceeds to step four. *See* 20 C.F.R. § 404.1520(e).

Before considering step four of the sequential evaluation process, the ALJ must first determine the claimant's RFC. 20 C.F.R. § 404.1520(a)(4)(iv). In doing so, the ALJ must consider all of the claimant's impairments, including impairments that are not severe. *Id.* at

§ 404.1545(a)(2); SSR 96-8p, 61 Fed. Reg. 34474, 34477 (Jul. 2, 1996). Then, at step four, the ALJ determines whether the claimant's RFC permits him to resume previous employment. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant's RFC permits him to resume previous employment, the claimant is not "disabled" and thus not entitled to DIB or SSI benefits. *Id.*; 20 C.F.R. § 404.1520(f). If the claimant cannot continue in this line of work, the analysis proceeds to step five. *See* 20 C.F.R. § 404.1520(a)(4)(v). Importantly, the burden of persuasion rests with the claimant in the first four steps. *Malloy v. Comm'r of Soc. Sec.*, 306 F. App'x 761, 763 (3d Cir. 2009).

At the fifth step, the burden shifts to the Commissioner to demonstrate that the claimant can perform other work consistent with his medical impairments, age, education, past work experience, and RFC. *Id.*; 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1560. If the Commissioner cannot satisfy this burden, the claimant will receive DIB and/or SSI benefits. 20 C.F.R. § 404.1520(g).

## III. DISCUSSION

Plaintiff appeals the ALJ' s decision and raises three main arguments in support of judgment in his favor or remand. (*See generally* Pl.'s Mot.) Specifically, Plaintiff contends that the ALJ erred by: (1) determining that Plaintiff's condition did not satisfy listing 11.09; (2) cherry-picking certain evidence to support her RFC determination that no listing was met; and (3) finding that Plaintiff had the RFC to perform medium level work. (Pl.'s Mot. 9-12.)

As explained below, the Court concludes that the ALJ's decision is supported by substantial evidence in the record.

### A. The ALJ's Determination that Plaintiff did not Meet Listing 11.09 is Supported by Substantial Evidence in the Record.

Plaintiff argues that the ALJ "never discussed any reasons why Plaintiff did not have a marked limitation in (1) understanding, remembering, or applying information; (2) interacting with

others; (3) concentrating, persisting, or maintaining pace; or (4) adapting or managing oneself[.]" (*Id.* at 9.) Plaintiff further contends that the ALJ improperly "made conclusory statements regarding the failure to meet listing 11.09" and "failed to address Plaintiff['s] psychological impairments, which [the ALJ] deemed severe, in connection with section B of the listing." (*Id.* at 10.)

When assessing a claimant's impairment at step three, an ALJ reviews "the medical evidence of the claimant's impairment" and then "compare[s] [the claimant's impairment] to a list of impairments presumed severe enough to preclude any gainful work." *Sullivan v. Zebley*, 493 U.S. 521, 525 (1990). "[T]he ALJ must determine whether [a claimant's] impairment matches, or is equivalent to, one of the listed impairments," and then the ALJ must "identify[ ] the relevant listed impairments, discuss[ ] the evidence, or explain[ ] [her] reasoning." *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000). The ALJ, however, is not required to use "particular language or adhere to a particular format in conducting [her] analysis." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004). The ALJ's discussion, rather, must provide for "meaningful review." *Id.* If "the ALJ's decision, read as a whole, illustrates that the ALJ considered the appropriate factors in reaching the conclusion that [the claimant] did not meet the requirements for any listing," "[t]his discussion satisfies [the] requirement that there be sufficient explanation to provide meaningful review of the step three determination." *Id.*

Here, the Court finds that the ALJ properly considered Plaintiff's multiple sclerosis impairment—Listing 11.09—at step three and proceeded through the sequential evaluation process. (AR 15-17.) Contrary to Plaintiff's arguments, the ALJ specifically explained—while discussing listing 11.09—that Plaintiff does not "have a marked limitation in one of the 'paragraph B' criteria for the reasons set forth directly below." (*Id.* at 15.) The ALJ explained that she "fully

considered the arguments of [Plaintiff's] representative that [Plaintiff] meets listing 11.09(B)" and found that Plaintiff "does not meet listing 11.09." (*Id.*) Immediately following this paragraph, the ALJ thoroughly analyzed the paragraph B criteria and found that it was "not satisfied." (*Id.* at 15-16.) In doing so, the ALJ considered Plaintiff's medical evidence of record, cited specific evidence in the record, and found that because Plaintiff's "mental impairments do not cause at least two 'marked' limitations or one 'extreme' limitation, the 'paragraph B' criteria [were] not satisfied." (*Id.* at 15-16.) The ALJ then found that Plaintiff did not satisfy the paragraph B criteria because the medical evidence of record "fail[ed] to establish a marked limitation in physical functioning." (*Id.* at 15.)

In making that finding, the ALJ specifically discussed Plaintiff's: (1) function report; (2) hearing testimony; (3) mental health records; (4) primary care records; and (5) neurology examination records. (*Id.* at 15-16.) To that end, the ALJ "identif[ied] the relevant listed impairments, discuss[ed] the evidence, [and] explain[ed] h[er] reasoning," *Burnett*, 220 F.3d at 119, which thereafter "permit[ted] meaningful review," *Jones*, 364 F.3d at 505. This Court therefore finds that the step three analysis was neither conclusory nor unreasonable, and was instead supported by substantial evidence in the record. *See Scott v. Astrue*, 297 F. App'x 126, 128 (3d Cir. 2008).

**B. The ALJ's RFC Determination is Supported by Substantial Evidence in the Record.**

Plaintiff next argues that the ALJ erred because the ALJ cherry-picked certain parts of the record while ignoring other evidence. (Pl.'s Mot. 10-11.) Specifically, Plaintiff contends that the ALJ ignored that the consultative examiner "noted that Plaintiff had moderate[] difficulty getting on and off the examining table, that the left finger to nose test was abnormal, that the Rombert test was positive, and that [Plaintiff] was unable to recall any of three words provided after ten

minutes." (*Id.* at 10.) Plaintiff also maintains that the ALJ improperly stated that the opinion of Dr. Brian Apatoff ("Apatoff"), Plaintiff's previous neurologist, was contradicted by that of Dr. Lana Zhovits-Reyerson ("Zhovits-Ryerson"), Plaintiff's current neurologist, because Apatoff's examination was conducted six weeks after Zhovits-Reyerson's. (*Id.* at 10-11.[4])

A claimant's RFC is the most that the claimant can do despite his limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). At the administrative hearing stage, it is the ALJ who is charged with determining the claimant's RFC. 20 C.F.R. §§ 404.1546(c), 416.946(c); *see also Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011) ("The ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations.") (citations omitted). When determining a claimant's RFC, the ALJ has a duty to consider all the evidence. *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999). The ALJ, however, need include only "credibly established" limitations. *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005) (emphasis omitted); *see also Zirnsak v. Colvin*, 777 F.3d 607, 615 (3d Cir. 2014) (stating that the ALJ has discretion to choose whether to include "a limitation [that] is supported by medical evidence, but is opposed by other evidence in the record" but "[t]his discretion is not unfettered—the ALJ cannot reject evidence of a limitation for an unsupported reason" and stating

---

[4] "When weighing medical opinions in Social Security matters, administrative law judges must *consider* a range of factors, but all they must *explain* are the reasons for their decisions." *Zaborowski v. Comm'r of Soc. Sec.*, 115 F.4th 637, 638 (3d Cir. 2024) (emphasis in original). When giving this explanation, the ALJ "need not reiterate the magic words 'support' and 'consistent' for each doctor." *Id.* at 639. It is sufficient, rather, for the ALJ to "weave supportability and consistency throughout her analysis of which doctors were persuasive." *Id.* It is, additionally, "not for this [C]ourt to reweigh the various medical opinions in the record[,] but instead to determin[e] if there is substantial evidence to support the ALJ's weighing of those opinions." *Tammy L. v. Comm'r of Soc. Sec.*, No. 25-14034, 2026 WL 2137995, at *4 (D.N.J. July 24, 2026) (second and third alterations in original) (internal quotation marks and citations omitted).

that "the ALJ also has the discretion to include a limitation that is not supported by any medical evidence if the ALJ finds the impairment otherwise credible" (citation omitted)).

"Plaintiff bears the burden of proof at the point of RFC determination[.]" *Diaz v. Astrue*, No. 07-3220, 2008 WL 4104564, at *6 (D.N.J. Sep. 3, 2008) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987)). It is not the Commissioner's burden to disprove a claimant's disability. *Sykes v. Apfel*, 228 F.3d 259, 262-63 (3d Cir. 2000). Moreover, an ALJ need not "perform a 'function-by-function' analysis . . . so long as the ALJ's RFC determination is supported by substantial evidence in the record." *Glass v. Comm'r of Soc. Sec.*, No. 18-15279, 2019 WL 5617508, at *8 (D.N.J. Oct. 31, 2019) (collecting cases).

Here, the Court finds that the ALJ's RFC determination is supported by substantial evidence in the record. The ALJ "provided a thorough analysis of the available medical evidence in the record[.]" *Paul H. v. Comm'r of Soc. Sec.*, No. 24-5970, 2025 WL 1348534, at *5 (D.N.J. May 8, 2025). The ALJ also explicitly stated that she made her RFC determination "[a]fter careful consideration of the entire record" (AR at 17), a statement that this Court accepts as true, *see Ramirez v. Kijakazi*, No. 22-431, 2023 WL 5916906, at *5 (M.D. Pa. Sep. 11, 2023) (explaining that the ALJ "stated [that] [s]he rendered h[er] findings after consideration of the entire record[,]" and that the court "should take [the ALJ] at h[er] word"); *Jones v. Comm'r of Soc. Sec.*, 297 F. App'x 117, 120 (3d Cir. 2008) ("[W]e take the ALJ at h[er] word[.]").

As to Plaintiff's arguments, first, regarding the consultative examiner's findings that Plaintiff contends the ALJ ignored—the ALJ specifically reported those findings when discussing the consultative examination in her RFC analysis. (*See* AR 18-19.) The ALJ explicitly explained that the consultative examiner noted that Plaintiff got "on and off the examination table with

moderate difficulty," that Plaintiff "exhibited an abnormal left . . . finger-to-nose test," and had "a positive Romberg test." (*Id.* at 19.)

Second, regarding Apatoff's opinion, the ALJ considered the opinion and found that it was not supported by Apatoff's own treatment records, including early treatment records revealing that Plaintiff's gait was within normal limits and subsequent diagnostic imaging revealing that Plaintiff's physical impairments had remained stable. (*Id.* at 23 (citing *id.* at 520-46).) The ALJ further explained that Apatoff's opinion was "not consistent with the record" including a detailed October 2024 neurological examination by Zhovitis-Ryerson, who noted that Plaintiff: (1) had full muscle strength except for minimally reduced strength in the right hip; (2) had intact reflexes and sensation; (3) had intact coordination; (4) was able to ambulate with a normal gait, including normal posture, stance, stride, and arm swing; (5) could heel and toe walk; (6) had no need for an assistive device; and (7) was encouraged to exercise (*Id.* at 20-24 (citing *id.* at 623-29).) Furthermore, the timing of the examinations was not determinative of the ALJ's decision. (*See id.* at 20-21.) Rather, the focus of the ALJ's analysis was on the opinions' consistency with the record. (*Id.*)

The ALJ specifically considered: (1) Plaintiff's testimony about his impairments and symptoms; (2) Plaintiff's consultative examinations; (3) Plaintiff's MRI imaging from 2006, 2013, 2019, 2020, and 2023; (4) Plaintiff's primary care treatment records; (5) Plaintiff's neurological evaluation records; (6) Plaintiff's mental health records; and (7) prior administrative medical findings. (*Id.* at 17-24, 38-69, 71-78, 80-88, 508-11, 520-46, 623-29.) Based on the ALJ's considerations discussed above, the Court finds that "the ALJ appropriately addressed the medical opinion evidence [of Apatoff] and gave h[er] reasons . . . for rejecting" it as not persuasive based

on the record, a determination that is supported by substantial evidence. *Stephanie P. v. Comm'r of Soc. Sec.*, No. 21-12524, 2023 WL 2214179, at *4 (D.N.J. Feb. 24, 2023).

The Court further finds that the ALJ performed a thorough analysis in formulating the RFC, which is supported by substantial evidence in the record.[5] *Marilyn H. v. Comm'r of Soc. Sec.*, No. 21-3334, 2024 WL 1092503, at *5 (D.N.J. Mar. 13, 2024) (affirming ALJ's decision and explaining that "reading the ALJ's decision as a whole reveals [that] there is substantial evidence and sufficient analysis supporting the ALJ's RFC determination"); *Tyler E. K. v. Comm'r of Soc. Sec.*, No. 21-9623, 2022 WL 3913559, at *4 (D.N.J. Aug. 31, 2022) ("Viewing the ALJ's decision and the record as a whole, the Court concludes that the ALJ provided substantial evidence to support the RFC determination."); *Shaw v. Saul*, No. 20-517, 2021 WL 1115917, at *1 n.1 (E.D. Pa. Mar. 24, 2021) (affirming ALJ's decision and concluding that where "reading the decision as a whole" the ALJ "provided an adequate explanation for the RFC assessment by addressing the evidence and explaining why it supported the RFC").

[5] The Court notes that Plaintiff does not cite any legal authority or the record in support of his argument that the ALJ erred in finding that Plaintiff has the RFC to medium level work. (*See* Pl.'s Mot. 12); *see also Melly v. Tsarouhis L. Grp., LLC*, No. 24-7296, 2026 WL 1862401, at *6 (D.N.J. June 29, 2026) (explaining that "[a] court is not required to search . . . [for] factual support for a party's position because '[j]udges are not like pigs, hunting for truffles buried in the record'" (citation omitted)). For the reasons discussed above, however, and based upon an independent review of the record (*see generally* AR), the Court finds that the ALJ's determination that Plaintiff has the RFC to perform medium level work is supported by substantial evidence in the record. *Ralph F. v. Comm'r of Soc. Sec. Admin.*, No. 23-20882, 2024 WL 4349621, at *6-7 (D.N.J. Sep. 30, 2024) (finding that "the ALJ considered all relevant evidence in the record and rendered findings that are supported by substantial evidence" in formulating plaintiff's RFC).

## IV. CONCLUSION

For the reasons outlined above, the Court affirms the Commissioner's decision and denies Plaintiff's Motion. The Court will issue an Order consistent with this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

DATED: SEPTEMBER 3, 2026